UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMYNDAS PHARMACEUTICALS, S.A., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 20-12254-LTS |
| ALEXION PHARMACEUTICALS, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PLAINTIFFS' MOTION TO COMPEL DEFENDANT
ZEALAND PHARMA US, INC. TO REMOVE IMPROPER REDACTIONS
[Docket No. 276]

March 29, 2024

Boal, M.J.

Plaintiffs Amyndas Pharmaceuticals Single Member P.C. and Amyndas Pharmaceuticals,

LLC ("Amyndas") have moved to compel defendant Zealand Pharma US, Inc. ("Zealand US") to

remove certain redactions from otherwise responsive documents.  Docket No. 276.[1]  For the

following reasons, this Court grants in part and denies in part the motion.

I.      RELEVANT BACKGROUND

        A.      Amyndas's Allegations

        Amyndas alleges, inter alia, that the Defendants misappropriated its confidential and

trade secret information regarding proprietary C3-complement technology, including through

_____

[1] On April 25, 2023, Judge Sorokin referred this case to the undersigned for full pretrial
management, including ruling on this motion.  Docket No. 160.

1

their joint collaboration (the "Alexion-Zealand Collaboration").

On February 13, 2023, Judge Sorokin approved and entered the parties' Stipulated

Protective Order.  Docket No. 129.  As relevant to this motion, the Protective Order provides

that:

> Documents and things produced or made available for inspection may be
> subject to redaction, in good faith by the Producing Party, of information
> that is neither relevant to the subject of this Action nor reasonably calculated
> to lead to the discovery of admissible evidence, or is subject to the attorney-
> client privilege or to work-product immunity, or another protection or
> privilege afforded by law.

Id. at 7-8.[2]  By this motion, Amyndas asserts that Zealand has improperly redacted documents

based on relevance or privilege.  After the motion was filed, Zealand US agreed to remove

certain redactions.  Two issues remain for decision: (1) whether Zealand US may redact

information regarding (A) licensing policies and practices, (B) corporate strategy, and (C)

manufacturing and commercialization for non-complement products; and (2) whether Zealand

US has waived its claim over privilege over documents regarding early research and

development by selectively producing such information when advantageous.  See Docket No.

318 at 2-7.[3]

II.     DISCUSSION

        A.      Relevance Redactions

        Zealand US agreed to remove all relevance redactions except for (1) five agreed-upon

categories and (2) three disputed categories: (1) (A) licensing policies and practices, (B)

---

[2] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket.
They reference the docket number assigned by CM/ECF, and include pincites to the page
numbers appearing in the top right corner of each page within the header appended by CM/ECF.

[3] The parties also dispute whether sanctions against Zealand US are warranted.  Docket No. 318
at 7.  This Court declines to award sanctions.

corporate strategy, and (C) manufacturing and commercialization for non-complement products.

See Docket No. 318 at 2.  Though the parties agreed to, and Judge Sorokin approved, relevance

redactions, it is the view of this Court that such redactions are problematic and should not be

allowed.  This dispute illustrates why:

> Redaction is, after all, an alteration of potential evidence. The Federal Rules sanction only very limited unilateral redaction, see Fed. R. Civ. P. 5.2. Outside of these limited circumstances, a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the nonredacted part disclosed, and what might be useless to the case. It should not come as a shock to those involved in litigation, that parties may see the outcome differently.

Evon v. Law Offices of Sydney Mickell, No. S-09-0760, 2010 WL 455476, at n. 1 (E.D. Cal.

Feb. 3, 2010).  See also Wellin v. Wellin, No. 2:13-cv-1831-DCN, 2017 WL 1190867, at *2

(D.S.C. Mar. 31, 2017) ("[R]elevance redactions are disfavored, because they 'breed suspicions,

and they may deprive the reader of context.'").  Accordingly, this Court orders Zealand US to

remove redactions regarding the three disputed categories.

      B.     Privilege Redactions

      Amyndas argues that Zealand US must produce all documents about early research and

development because Zealand US has waived its claim to privilege over those documents by

selectively producing such information when advantageous to do so.  Docket No. 318 at 3.

Specifically, in response to Amyndas's motion, Zealand US removed certain redactions

concerning research and development strategy.  Docket No. 312 at 7-8.  Amyndas argues that

such selective production of privileged information has resulted in a waiver of privilege with

respect to all documents regarding early research and development.  See id.

      Zealand US has explained that on January 3, 2024, Amyndas objected to Zealand US's

reliance on a specific individual in Zealand Denmark's legal organization for privilege, alleging

that the individual was not a licensed attorney in Denmark.  Docket No. 311 at 7.  After

investigating this issue, Zealand US removed redactions from documents for which that

individual, alone, was relied on for the basis of privilege.  Id. at 7; Docket No. 318 at 5.

Zealand's recognition that documents involving that individual are not privileged and subsequent

reproduction of such documents does not result in a waiver of privilege.  See Tessera, Inc. v.

Micron Tech., No. 2:05CV94, 2006 WL 8441638, at *2 (E.D. Tex. June 22, 2006) ("As the

emails were not privileged to begin with, NEC did not waive the privilege by producing the

emails, and the Court will not order NEC to disclose other communications on the same

subject.").  Accordingly, I deny Amyndas' request to compel Zealand US to produce all

documents about early research and development.

III.    ORDER

    For the foregoing reasons, this Court grants in part and denies in part Amyndas's motion

to compel.  Zealand US must remove relevance redactions regarding the three disputed

categories and re-produce such documents within two weeks.

                                     /s/ Jennifer C. Boal
                                     JENNIFER C. BOAL
                                     U.S. MAGISTRATE JUDGE