UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ )<br>AMYNDAS PHARMACEUTICALS, S.A., )<br>et al., )<br>    )<br>        Plaintiffs, )<br>    )<br>            v. )<br>    )<br>ALEXION PHARMACEUTICALS, INC., )<br>et al., )<br>    )<br>        Defendants. )<br>_____ ) | Civil Action No. 20-12254-LTS |

ORDER ON DEFENDANT ZEALAND U.S., INC.'S MOTION FOR PROTECTIVE ORDER
[Docket No. 330]

May 7, 2024

Boal, M.J.

Defendant Zealand Pharma U.S., Inc. ("Zealand US") has moved for a protective order

prohibiting plaintiffs Amyndas Pharmaceuticals Single Member P.C. and Amyndas

Pharmaceuticals, LLC ("Amyndas") from disclosing confidential discovery documents to their

counsel in litigation between Amyndas and Zealand Pharma A/S ("Zealand Denmark") in

Denmark.  Docket No. 330.[1]  For the following reasons, this Court denies the motion.

I.    RELEVANT BACKGROUND

    A.    Amyndas's Allegations

Amyndas alleges, inter alia, that the Defendants misappropriated its confidential and

_____

[1] On April 25, 2023, Judge Sorokin referred this case to the undersigned for full pretrial
management, including ruling on this motion.  Docket No. 160.

1

trade secret information regarding proprietary C3-complement technology, including through

their joint collaboration (the "Alexion-Zealand Collaboration").  Amyndas initially brought

claims against both Zealand Denmark and Zealand US.  See Docket No. 3.  The Zealand

Defendants moved to dismiss, inter alia, on the ground that the appropriate venue for the dispute

was Denmark.  Docket No. 28.  Judge Sorokin dismissed both Zealand Defendants from this

litigation.  Docket No. 49.  The First Circuit upheld that ruling with respect to Zealand Denmark

but not Zealand US.  Amyndas Pharmaceuticals, S.A. v. Zealand Pharma A/S, 48 F.4th 18, 42

(1st Cir. 2022).  On January 10, 2022, Amyndas initiated a lawsuit against Zealand Denmark in

Denmark (the "Danish Action").  Docket No. 194 at 9.

On February 13, 2023, Judge Sorokin approved and entered the parties' Stipulated

Protective Order.  Docket No. 129.  As relevant to this motion, the Stipulated Protective Order

provides that confidential information subject to the Protective Order may be used "only in

connection with the prosecution or defense of this Action, as otherwise permitted in this Order,

or as permitted by order of this Court for good cause shown."  Docket No. 129 at 8.  A receiving

party may request to provide access to documents subject to the Stipulated Protective Order, on a

document-by-document basis, to outside counsel in the Danish Action.  Id. at 13.  The receiving

party may disclose the information to outside counsel in the Danish Action only if the producing

party "consent[s]" to the disclosure, including if it fails to object within seven days of receipt of

the request.  Id.  If the producing party objects, and the parties' meet-and-confer is unsuccessful,

the producing party must seek a protective order from the Court prohibiting the receiving party's

request.  Id.

On February 16, 2024, pursuant to Section 5.4 of the Stipulated Protective Order,

Amyndas requested consent to disclose the deposition transcripts of Britt Meelby Jensen,

Pernille Tofteng Shelton, Adam Steensberg, Lise Giehm, and the documents used in those
depositions (the "Confidential Deposition Materials"), to Amyndas's outside counsel in the
Danish Action.  Docket No. 347-1 at 10-11.  In-house counsel for Zealand Denmark, Ravinder
Chahil, prepared Steensberg, Shelton, and Giehm for their depositions.  Id. at 9, 11.  In addition,
Zealand Denmark has indicated that it intends to call Jensen, Shelton, and Steensberg at trial in
the Danish Action.  Id. at 11.

Zealand objected to Amyndas's request and moved for the instant protective order to
prevent Amyndas from disclosing any documents or testimony produced here to Amyndas's
Danish outside counsel.  Docket No. 330.

II.     DISCUSSION

A.     Standard Of Review

Rule 26(c) of the Federal Rules of Civil Procedure provides that a "court may, for good
cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or
undue burden of expense" in connection with discovery requests.  Fed. R. Civ. P. 26(c)(1).
"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is
appropriate and what degree of protection is required."  Seattle Times Co. v. Rhinehart, 467 U.S.
20, 36 (1984).  "As specified in [Rule] 26(c), however, a showing of good cause is required to
justify any protective order."  Baker v. Liggett Group, Inc., 132 F.R.D. 123, 125 (D. Mass. 1990)
(citing Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986)).  As the party seeking a
protective order, Zealand US has the burden of demonstrating good cause.  See Anderson v.
Cryovac, Inc., 805 F.2d at 7-8 (citations omitted).[2]

_____

[2] Zealand US argues that it is Amyndas that must show good cause to justify disclosing
confidential materials obtained in this action to its counsel in the Danish Action.  See Docket No.
331 at 9-11.  The Stipulated Protective Order expressly permits disclosure to Danish counsel

B.     Zealand US Has Not Shown Good Cause For A Protective Order

1.     Zealand US's Request For Protective Order Is Too Broad

As a preliminary matter, this Court notes that Zealand US's request for a protective order

is too broad.  Amyndas has requested to disclose a narrow set of materials (i.e., certain

deposition transcripts and the documents used in those depositions) to Danish outside counsel.

Zealand US, however, requests that this Court prohibit Amyndas from disclosing *any*

confidential materials designated under the Stipulated Protective Order to Danish outside

counsel.  See Docket No. 331 at 17.  While non-disclosure outside of this litigation is the default

under the Stipulated Protective Order, see Docket No. 129 at 8, the order also anticipates that

there may be situations where disclosure in connection with the Danish Action may be

appropriate.  See id. at 8, 13.  Accordingly, Zealand US's request for blanket prohibition on

disclosure is inappropriate and any disputes regarding such disclosure must be handled on a case-

by-case basis pursuant to Section 5.4 of the Stipulated Protective Order.

2.     Zealand US Has Failed To Show Good Cause To Obtain
        A Protective Order Prohibiting Disclosure Of The Confidential
        Deposition Materials To Danish Counsel

As referenced above, under Section 5.4 of the Stipulated Protective Order, the party

opposing disclosure must seek a protective order to prevent disclosure.  Docket No. 129 at 13.

To obtain a protective order in this District, the moving party must show "good cause."  Baker,

12 F.R.D. at 125.  "In order to establish 'good cause' a party must put forth 'a particular factual

demonstration of potential harm,' and cannot rely on 'conclusory statements.'"  Hache v. AIG

---

upon notice to the other party unless the resisting party moves for a protective order barring
disclosure.  See id. at 13.  Therefore, the Stipulated Protective Order places the burden of seeking
a protective order on the resisting party, here Zealand US.  Accordingly, it is Zealand US who
bears the burden of showing that a protective order barring disclosure is appropriate.

<u>Claims, Inc.</u>, No. 20-10652-PBS, 2021 WL 8999586, at *1 (D. Mass. Mar. 10, 2021) (citing <u>Anderson</u>, 805 F.2d at 7).  Here, Zealand US has not argued that it would potentially be harmed by the disclosure of the Confidential Deposition Materials to Amyndas' Danish counsel.  Instead, it argues that Amyndas has not shown good cause.  Zealand US's argument improperly flips the burden of proof.

In addition, it appears that disclosure of the Confidential Deposition Materials to Danish outside counsel would allow such counsel to frame appropriately its discovery requests in the Danish action, form case strategy, and assist in trial preparation.  <u>See</u> Docket No. 349 at 3-4. That supports Amyndas's request to share the Confidential Deposition Materials with its Danish outside counsel.

      3.      Neither 28 U.S.C. § 1782 Nor The Forum Selection Clause Establish
               <u>Good Cause To Prohibit Disclosure To Danish Outside Counsel</u>

In arguing that this Court should prohibit Amyndas from disclosing confidential discovery materials to Danish outside counsel, Zealand US relies on 28 U.S.C. § 1782 ("Section 1782") and the forum selection clause in the agreement between Amyndas and Zealand Denmark.  Neither Section 1782 nor the forum selection clause establish good cause to prohibit disclosure of the Confidential Deposition Materials to Danish outside counsel.

Section 1782 permits a district court to compel a person to give testimony or produce documents for use in a foreign proceeding.  Here, Amyndas is not seeking to compel discovery for use in the Danish Action.  Rather, Amyndas is merely seeking to disclose to its Danish counsel discovery it has already obtained in the regular course of discovery in this case pursuant to the procedure set forth in the Stipulated Protective Order.  Accordingly, Section 1782 has no applicability to this motion.  <u>See</u>, <u>e.g.</u>, <u>Oracle Corp. v. SAP AG</u>, No. C-07-01658, 2010 WL 545842, at *2 (N.D. Cal. Feb. 12, 2010) (Section 1782 "does not govern the discretion of a court

to modify a protective order to allow access to information already obtained in the regular course of discovery in a case pending before it.").

Similarly, Zealand US's reliance on the forum selection clause contained in the agreement between Amyndas and Zealand Denmark is misplaced. Such a clause governs only where the dispute between Amyndas and Zealand Denmark should be litigated. It says nothing about what discovery may or may not be taken in that action. While discovery rules in Danish courts appear to be more restrictive than in the United States (a fact that Amyndas acknowledges, see Docket No. 347-1 at 18), Zealand US has not shown that discovery is not permitted. The only evidence before the Court on this point shows that some discovery is allowed. See Docket No. 349. Amyndas has requested to share only a specific set of documents with Danish counsel that may inform strategy and assist in trial preparation. Accordingly, this Court finds that Zealand US has not shown good cause to prohibit Amyndas from sharing the Confidential Deposition Materials with its Danish outside counsel.[3]

III.    ORDER

For the foregoing reasons, this Court denies the motion. At oral argument, counsel for Zealand US indicated that, in the event this Court denied the motion, it would appeal the order and requested a stay. This Court will stay this order for two weeks to allow Zealand US an opportunity to appeal this order. If Zealand US appeals the order, the order will then be stayed until Judge Sorokin rules on the appeal.

 /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE

---

[3] This Court declines to decide at this time whether Amyndas may directly use discovery in this litigation in the Danish action. See Docket No. 347-1 at 22-24.